IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY B. WITTROCK DILLMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, FEDERAL STUDENT AID, and GC SERVICES,<br><br>Defendants. | CV 14-123-M-DLC-JCL<br><br>ORDER, and FINDINGS AND RECOMMENDATION |

**I.** **INTRODUCTION**

Plaintiff Mary Wittrock Dillman, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Dillman submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears she lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that her Motion to Proceed In Forma Pauperis is **GRANTED**. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Dillman's lodged Complaint as of the filing date of her motion to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

1

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Thus, the Court will review Dillman's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

**II.**     **PLAINTIFF'S ALLEGATIONS**

Dillman commenced this action seeking relief under the Americans with Disabilities Act at 42 U.S.C. § 12132. Dillman states she submitted a Loan Discharge Application in 2013 to the United States Department of Education

requesting a discharge of her student loan. In support of her application she checked a box on the form apparently indicating she is disqualified from employment due to a "physical condition." (Doc. 2 at 2.) She states that she provided documentation of her physical limitations, but that documentation dated back to 2003. (Doc. 2 at 7.) Dillman alleges she received a response from the Department of Education denying her discharge application on several grounds, including her "failure to provide documentation demonstrating a condition that would bar employment in [her] field of study[.]" (Doc. 2 at 2.)

Dillman alleges Defendants are liable for violating the Americans with Disabilities Act. She quotes the provisions of 42 U.S.C. § 12132 which prohibit a public entity from denying a disabled person the benefits of the public entity's program by reason of the person's disability. For her relief, Dillman requests the Court refund certain funds to her, award her damages or discharge her student loan, award her costs and fees she has incurred, and any attorney fees she may incur.

### III. DISCUSSION

Because Dillman is proceeding pro se the Court must construe her pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See*

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).  Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

Title II of the Americans with Disabilities Act (ADA) at 42 U.S.C. § 12132 provides as follows:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.  To present a viable claim for relief under section 12132, a plaintiff must present factual allegations satisfying the four required elements of a claim under the statute:

> (1) [the plaintiff] "is an individual with a disability;" (2) [the plaintiff] "is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" (3) [the plaintiff] "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity;" and (4) "such exclusion, denial of benefits, or discrimination was by reason of [the plaintiff's] disability."

*McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

The factual allegations of Dillman's complaint defeat her claim under the ADA. Dillman asserts she is disabled and is disqualified from employment due to a "physical condition." But Dillman also alleges the Department of Education did not exclude her from the loan discharge program "by reason of [any] disability" she may have. To the contrary, she alleges it denied her Loan Discharge Application, in part, on the ground that Dillman had failed to establish she is disabled and is disqualified from employment in her field of training. Her factual allegations suggest it is plausible that the Department of Education may have found that the stale, 10-year old documentation of her physical limitations was insufficient to demonstrate a present physical disability. Thus, Dillman's allegations establish that the Department of Education denied her loan discharge application because it did not find she is disabled, not because she is disabled. Dillman's allegations negate the fourth element of a viable ADA claim.

Therefore, Dillman's complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief could be granted. And under the circumstances of Dillman's allegations, the Court determines that her pleading could not possibly be cured by the allegation of additional facts.

## IV. CONCLUSION

Based on the forgoing, IT IS RECOMMENDED that Dillman's complaint

be DISMISSED.

DATED this 22nd day of July, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge