# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION
(You must fill in this blank. See Instruction 7)

**RECEIVED**
AUG 26 2014
Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| (MARY B. WITTROCK DILLMAN)<br>Plaintiff,<br><br>vs.<br><br>(US DEPARTMENT OF EDUCATION/WILLIAMS D FORD FEDERAL DIRECT LOAN, EDFINANCIAL, ENTERPRISE RECOVERY SYSTEMS, INC)<br>Defendants. | **AMENDED COMPLANT**<br><br>Jury Trial Demanded ☐<br>Jury Trial Not Demanded ☒ |

The plaintiff MARY B. WITTROCK DILLMAN is being discriminated against by the US Department of Education/Williams D Ford Federal Direct Loan.

The plaintiff has a physical and mental disability. The plaintiff was in special programs through Elementary and Junior High School, graduating High School with a 2.0. The Plaintiff had held lower level jobs, working lots of hours to get by and never applying for SSI, but her mental disability makes it easy for her to be taken advantage of. The plaintiff attended SSCC from 1996 to 1999 where she received a 1.8 in Elementary Spanish, 1.7 in Algebra II and was given 5 credits for each failed class. Ms. Wittrock Dillman developed an injury in 1997 after working two years without any raise for a company that gave her a chose of lifting tubs of auto parts that many times weighed over 100lbs or go home, of course she did the heavy lifting.

While continuing with a second round of treatment for the chosen injury the plaintiff attended The Court Reporting Institution that was located at 929 North 130th Street, Suite 2, Seattle, WA 98133 starting April 6, 2004 to December 2004. Staff at CRI had been informed by the plaintiff of her physical limitation when discussing enrollment.

The Court Reporting Institution advertised in their brochure The Microsoft Office Specialist (Office Specialist) program was the only comprehensive, performance-based certification program approved by Microsoft and upon completion a full Career service Department for Job Placement. Ms. Wittrock Dillman received a certificate not a Microsoft Office Specialist certification nor was she placed on a Job. To become a Microsoft Office Specialist the plaintiff would have had to pass a test given by a Microsoft Authorized Testing Center. CRI failed to keep accurate records with the plaintiff having two transcripts with different completion dates, clock hours, and start dates. Number of absences is incorrect on both transcripts because the plaintiff has bank statements showing she missed at least two weeks due to being in Montana. The first transcript was provided to her by CRI and the second transcript was provided to her by Washington State Workforce Training and Education Coordinating Board. The plaintiff was trained on out of date material. After a 1999, 2003 and 2005 investigation CRI closed sometime after March 26, 2006 Seattle Times article for failing to change the way it operated. The plaintiff was contacted by Williams D Ford Federal Direct Loan Program/US Department of Education in 2008 being intimidated into consolidate her CRI school loans. The plaintiff signed a contract with Direct Loan consolidation on March 27, 2008 before realizing she had never received a higher education and having never received Microsoft Office Specialist certification. According to the promissory note under governing laws and notices the terms of the note will be interpreted according to the Act and other applicable federal statutes and regulations. It's the purpose to assist in making benefits available for postsecondary education to eligible students in institutions of higher education. The plaintiff has made numerous attempts to resolve the issues with the US Department of Education that have failed. The plaintiff would have to agree to pay a school loan for a school that hadn't been following accredited criteria's, failed to provide a higher education and Microsoft Office certification in order to remove the bad debt from her credit report. The Secretary of Education publishes list of nationally recognized accrediting agencies that the Secretary determines to be reliable authorities to the quality of education or training provided by the higher education institutions and programs they accredit.

The plaintiff's completed a Loan Discharge Application: False Certification on November 25, 2013. It was mailed tracking on November 25, 2013. The US Department of Education/Federal Student Aid received the Application in their box on November 29, 2013. From November 29, 2013 to March 6, 2014 no response was

received from the US Department of Education. The plaintiff received a letter from GC Services on February 19, 2014 wanting her to call to discuss a settlement. The first response from the US Department of Education came from Nicole Irby, Program Specialist (Casework), on March 12, 2014 through Congressman Steve Daines office which wasn't in regards t the application completed on November 25, 2014. Upon speaking to Ms. Tineke Williams on March 24, 2014 at 1-800-621-3115 of the US Department of Education Ms. Williams claimed the plaintiff didn't qualify for a loan discharge due to consolidation nor did she have a right to a garnishment hearing and the Loan Discharge Application: False Certification had been denied. March 27, 2014 the plaintiff received a letter dated March 24, 2014 from the Federal Student Aid Operations Services Processing Division that claimed the plaintiff didn't provide documentation demonstrating a condition that would bar employment in the field of study or a regulation she couldn't meet. On completion of the plaintiff's November 25, 2014 application she indicated her disqualifying status by checking the appropriate box physical condition. The plaintiff mailed with the application a copy of her medical information plus provided the state legal requirements for employment that she could not meet **at the time the school certified or originated her loan**. On April 3, 2014 the plaintiff completed a second Loan Discharge Application: False Certification. It was mailed tracking on April 3, 2014. It was received by the US Department/Federal Student Aid on April 8, 2014. The plaintiff included print outs of the title and/or section numbers of the specific state law or regulation that she could not meet plus additional laws. The plaintiff also included a copy of CRI's brochure plus her medical information. April 24, 2014 the plaintiff received a letter dated April 21, 2014 from Congress Steve Daines office. April 25, 2014 the plaintiff received a letter dated April 18, 2014 both denying a Loan Discharge Disqualifying Status due to failure to provide documentation demonstrating a condition that would bar employment in field of study nor a regulation she couldn't meet.

    The plaintiff has received letters from numerous collection agencies attempting to collect on the debt. April 5, 2013 Edfinancial Services sent a letter notifying the plaintiff that her loans where delinquent, in collections, and they where exercising their option to demand payment in full as stated in the promissory note. August 14, 2013 Edfinancial Services sent a letter notifying the plaintiff her loan had been turned over to the US Department of Education. October 24, 2013 GC Services sent a letter notifying the plaintiff to make arrangements to get her loans

out of default. November 17, 2013 GC Services sent a letter notifying the plaintiff that if they didn't hear from her they would pursue other means of collection including administrative wage garnishment. June 23, 2014 Enterprise Recovery Systems, INC sent a letter notifying the plaintiff that if she didn't notify their office in writing within 30 days after receiving their notice and dispute the validity of her debt or any portion thereof, their office would assume the debt was valid. If she notified their office in writing within 30 days and disputed the validity of the debt they would obtain verification of the debt or obtain a copy of a judgment and mail the plaintiff a copy of such judgment or verification. On March 12, 2014 Nicole Irby claimed the plaintiff had to file for Total Permanent Disability discharge but failed to address the application she submitted. On March 24, 2014 Tineke Williams claimed the plaintiff had no right to a garnishment hearing. On August 22, 2014 the plaintiff was told the loan falls off her credit report after seven years witch isn't the true.

    The plaintiff didn't become employed until September 2005 which wasn't in the field of study. The plaintiff was fired in May 2007 for being out sick to many times. The plaintiff doesn't feel she should be made to pay back a school loan due to never receiving a higher education, Microsoft Office Specialist certification, nor being place on a job. The plaintiff paid monthly $80.95 from August 2009 to June 2010 totaling $890.45.

# COMPLAINT

## I. PLACE OF CONFINEMENT

A. Are you incarcerated?  Yes ☐   No ☒ (if No, go to Part II)

B. If yes, where are you currently incarcerated?

C. If any of the incidents giving rise to your complaint occurred in a different facility, list that facility:

## II. JURISDICTION

Jurisdiction is asserted under (CHECK ANY THAT APPLY):

____28 U.S.C. § 1331 because it raises a civil rights claim against a state or local government employee or entity under 42 U.S.C. § 1983

____28 U.S.C. § 1331 because it raises a claim against a federal employee under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

_xx_ 28 U.S.C. § 1332 (diversity) because all the defendants live in a different state than plaintiff

If you wish to assert jurisdiction claim under different statutes, list them below.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Non-Prisoners
   1. Does any cause of action alleged in this complaint require you to exhaust administrative remedies before filing in court? Yes ☐ No ☒ Don't Know ☐

2. If yes, have you exhausted your administrative remedies? Yes ☐ No ☐

B. Prisoners (If other institutions listed in I(C) above, answer for each institution).
   1. Did you fully exhaust the administrative grievance process within the jail or prison where the incidents at issue occurred? Yes ☐ No ☐
   **N/A**

2. If you did not fully exhaust the grievance process, explain why:

(**NOTE:** Prisoners must exhaust their jail/prison's grievance process. Proper exhaustion requires compliance with the jail/prison's grievance deadlines and procedural rules.)

*Complaint (Revised August 2013)*
*Plaintiff's Last Name____WITTROCK DILLMAN_____*                   *Page* 4 of

## IV. PARTIES TO CURRENT LAWSUIT

A. Plaintiff __MARY B. WITTROCK DILLMAN__ is a citizen of __MONTANA__ ,
(State)
presently residing at __648 WOODLAND PL #9__ ;
(Mailing address or place of confinement)

who can be contacted at __406-471-6988__   __www.mbdwitty@ymail.com__ .
(Telephone with area code and e-mail address)

B. Defendant __THE DEPARTMENT OF ED__ is a citizen of __WASHINGTON DC__ ,
(State)
employed as _____ at __THE DEPARTMENT OF EDUCATION__ .
(Position and Title, if any)    (Institution/Organization)

Defendant __WILL. D FORD FEDERAL DIRECT LOAN__ is a citizen of __WA DC__ ,
(State)
employed as _____ at _____ .
(Position and Title, if any)    (Institution/Organization)

Defendant __EDFINANCIAL__ is a citizen of __Knoxville, TN__ ,
(State)
employed as _____ at __Collection Agency__ .
(Position and Title, if any)    (Institution/Organization)

Defendant __ENTERPRISE RECOVERY SYSTEMS__ is a citizen of __Oak Brook, IL,__
(State)
employed as _____ at __Collection Agency__ .
(Position and Title, if any)    (Institution/Organization)

Defendant _____ is a citizen of _____ ,
(State)
employed as _____ at _____ .
(Position and Title, if any)    (Institution/Organization)

(**NOTE**: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX A: PARTIES").

## V. STATEMENT OF CLAIMS

A. Count I (State your cause of action, e.g., what constitutional rights have been violated):

- 42 U.S.C §12102: US Code-Section 12102: Definition of Disability (A) a physical or mental impairment that substantially limits one or more major life activities of such individual (Lifting, performing manual tasks).
- 42 U.S.C. § 12132: US Code-Section 12132: Discrimination: Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.
- Intentional Infliction of Emotional Distress

Date of incident(s):
  1. Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe what happened without citing legal arguments, cases, or statutes).

- March 2008 William D Ford Federal Direct Loan/US Department of Education contacts me to consolidate my loan by telling me that a defaulted loan would damage my credit, the IRS would take my tax return, the federal government would come after me, I wouldn't be able to buy a car, house, or get another school loan.
- April 5, 2013 Edfinancial Services sends me a letter stating that there records indicated my student loan is currently delinquent, in collections and they where exercising their option to demand payment in full as stated in the promissory note. August 14, 2013 Edfinancial Services turns loan over to US Department of Education's Default Resolution Group.
- October 24, 2013 GC Services contacted me to make arrangements to get my loan out of default.
- November 17, 2013 GC Services sends me a letter stating if they didn't hear from me they would pursue other means of collection including administrative wage garnishment.
- June 23, 2014 Enterprise Recovery Systems, INC sends me a letter stating if I didn't notify their office within 30 days after receiving their notice and dispute the validity of this debt or any portion thereof, there office would assume the debt was valid. If I notify their office in writing within 30 days and disputed the validity of the debt they would obtain verification of the debt or obtain a copy of a judgment and mail me a copy of such judgment or verification.
- Tineke Williams, Phone Conversation, March 24, 2014, Claim I wasn't eligible for a loan discharge.
- Nicole Irby, Letter, March 12, 2014, claiming I had to file for Total Permanent Disability discharge.
- Employee's of The Department of Education, Phone Conversations, March 24, 2014, Claim I wasn't eligible for a loan discharge
- Operations Services Processing Division, Letter, March 24, 2014, Claims I am not eligible for a loan discharge.

2. Defendants Involved: (List the name of each defendant involved in this claim and specifically describe what each defendant did or did not do to allegedly cause your injury).

The US Department of Education/William D Ford Federal Direct Loan has denied my application and has failed to provide any legal grounds. The plaintiff has been given false information when contacting The Department of Education. The plaintiff has been intimidated in to consolidation. The plaintiff is being made to repay a school loan for a school that failed to meet accredited criteria's, failed to provide a higher education, failed to provide Microsoft Office Specialist certification, failed to place me on a job.
GC Services who is holding the loan at this time just continues to make contact via mail.

(NOTE: For each additional claim, use a blank sheet labeled "APPENDIX B. STATEMENT OF CLAIMS." You must set forth two paragraphs for each count, one consisting of Supporting Facts (following the directions under V(A)(1)), and one consisting of Defendants Involved (following the directions under V(A)(2)).

## VI. INJURY

Describe the injuries you suffered as a result of each individual defendant's actions. (Do not cite legal arguments, cases, or statutes).

Damaged Credit Score.
Frustration
Disappointment
Worry
Anxiety
Anger
Aggravation
Stress
Inconvenience
Mental Anguish

(**NOTE**: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX C: INJURY").

## VII. REQUEST FOR RELIEF

Describe the relief you request. (Do not cite legal arguments, cases, or statutes).

1. Refund of $890.45

2. $16,000.00 or Discharge of the school loan

3. Court Cost and Delivery fees

4. Any attorney fees plaintiff may accrue

(**NOTE**: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX D: REQUEST FOR RELIEF").

## VIII. PLAINTIFF'S DECLARATION

A. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me.

B. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that:

- social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx-5271, xx-xxx5271, xxxxxxxx3567);
- birth dates must include the year of birth only (e.g. xx/xx/2001); and
- names of persons under the age of 18 must include initials only (e.g. L.K.).

If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court.

<u>I understand I am responsible for protecting the privacy of this information.</u>

C. I understand the submission of a false statement or answer to any question in this complaint may subject me to penalties for perjury. I declare under penalty of perjury that I am the Plaintiff in this action, I have read this complaint, and the information I set forth herein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

D. (Prisoners Only) This Complaint was deposited in the prison system for legal mail, postage prepaid or paid by the prison, on

Executed at __WHITEFISH, MT__ on __August 25, 204__, 20_14_.
               (Location)                       (Date)

__Wm. Wittrock__
Signature of Plaintiff

## Notices

9:14-cv-00123-DLC-JCL Wittrock Dillman v. US Department of Education et al

REFER

**RECEIVED**
AUG 26 2014
Clerk, U.S. District Court
District Of Montana
Missoula

**U.S. District Court**

**District Of Montana**

### Notice of Electronic Filing

The following transaction was entered on 4/28/2014 at 12:07 PM MDT and filed on 4/28/2014
**Case Name:**  Wittrock Dillman v. US Department of Education et al
**Case Number:**  9:14-cv-00123-DLC-JCL
**Filer:**
**Document Number:** 3

**Docket Text:**
**NOTICE OF CASE OPENING re [2] Complaint IFP/Prisoner. Mailed to Wittrock Dillman with docket sheet. (TAG, )**

**9:14-cv-00123-DLC-JCL Notice has been electronically mailed to:**

**9:14-cv-00123-DLC-JCL Notice has been delivered by other means to:**

Mary B. Wittrock Dillman
648 Woodland Pl #9
Whitehall, MT 59937

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1105468959 [Date=4/28/2014] [FileNumber=1343891-0
] [491f55815fb5798246022f091427a83a03b012ee217aa45b407183db126951f0957
d11e6f98322d4ec3cda374f0158c749cb191e8ceed061b57b17c29b7487d0]]