IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| MARY B. WITTROCK DILLMAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION, FEDERAL<br>STUDENT AID, and GC SERVICES,<br><br>Defendants. | CV 14–123–M–DLC<br><br><br>ORDER |

FILED

NOV 17 2014

Clerk, U.S. District Court
District Of Montana
Missoula

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on July 22, 2014, recommending that Mary B. Wittrock Dillman's Complaint be dismissed for failure to state a claim upon which relief may be granted. Although Judge Lynch found that the defects in Dillman's Complaint could not be cured by amendment, Dillman filed an Amended Complaint on August 26, 2014. The Court will treat Dillman's Amended Complaint as an objection to Judge Lynch's Findings and Recommendation. Dillman is therefore entitled to *de novo* review of the specified findings or recommendations to which she objects. 28 U.S.C. § 636(b)(1). For the reasons stated below, the Court adopts Judge Lynch's findings and recommendation in

-1-

full.

Dillman is a pro se litigant. Because Dillman moved to proceed in forma pauperis, Judge Lynch conducted a preliminary screening of the complaint under Title 28 U.S.C. § 1915(e)(2). Based upon this screening, Judge Lynch found that Dillman's allegations defeated her claims under Title II of the Americans with Disabilities Act ("ADA"), and therefore, recommended dismissal of the Complaint for failure to state a claim.

Title II of the ADA provides that "no qualified individual with a disability shall, *by reason of such disability*, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity . . . ." 42 U.S.C. § 12132 (emphasis added). To prevail on her Title II claim, Dillman must establish a prima facie case that she:

> (1) [ ] is an individual with a disability; (2) [ ] is otherwise qualified to participate in or receive the benefit of some public entity's services, programs or activities; (3) [ ] was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [her] disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).

In her Complaint, Dillman alleges that the Department of Education denied her Loan Discharge Application "due to failure to provide documentation

demonstrating a condition that would bar employment." (Doc. 2 at 2.) In other words, the Department of Education denied Dillman's Loan Discharge Application because she had not satisfactorily demonstrated that she was disabled. Dillman has thus failed to establish a prima facie case that she was denied a benefit by reason of her disability. *Thompson*, 295 F.3d at 895. Dillman's Title II claim under the ADA fails to state a claim upon which relief may be granted and must be dismissed.

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 6) are ADOPTED IN FULL.

The Complaint (Doc. 2) is DISMISSED. The Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff. This case is CLOSED.

DATED this 17th day of November 2014.

Dana L. Christensen, Chief Judge
United States District Court